UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DOUBLE SPRINGS UTILITY DISTRICT OF PUTNAM COUNTY, TENNESSEE, )<br>)<br>Plaintiff, )<br>) No. _____<br>v. )<br>)<br>TOWN OF BAXTER, TENNESSEE, )<br>)<br>Defendant. ) | |

## COMPLAINT

Comes the Plaintiff, Double Springs Utility District of Putnam County, Tennessee ("the District"), and hereby complains against the Defendant, Town of Baxter, Tennessee ("Baxter").

### INTRODUCTION

1. The District brings this action pursuant to 7 U.S.C. § 1926(b) and 42 U.S.C. § 1983 to protect its exclusive service area. Baxter is proposing to provide water service to a parcel of real property within the District's geographic boundaries and service area. The Court should declare the District's exclusive right to serve this property, enjoin Baxter from encroaching on the District's service area, and award the District any damages, attorney's fees, and costs it may incur.

### JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under federal law.

3. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because (1) Baxter has its official residence in this district; (2) a substantial part of the events or

1

omissions giving rise to the claims occurred in this district; and (3) the property at issue is located within this district.

## PARTIES

4. The District is a water utility district created pursuant to the Utility District Law of 1937, Tenn. Code Ann. § 7-82-101, *et seq*. As such, the District is a municipality or public corporation. *See* Tenn. Code Ann. § 7-82-301(a)(1)(A). The District owns and operates a public water system.

5. Baxter is a municipality located within Putnam County, Tennessee. Its charter is Chapter 35 of the 1915 Tennessee Private Acts, as amended. Baxter owns and operates a public water system and a public sewer system.

## FACTS

6. Within the District's geographical boundaries is a parcel of land of approximately 38.5 acres designated as Map 37, Parcel 70, and located at 6333 Nashville Hwy, Baxter, TN 38544 ("the Property").

7. The District has had an underground water line, six inches in diameter, running to the Property since approximately 1965. For a number of years, the District has had both a six-inch water line immediately adjacent to the Property on the south side and a four-inch water line adjacent to the Property, but across the street, on the west side.

8. Since its creation, the District has received multiple loans through the United States Department of Agriculture, Rural Development ("the USDA"), and its predecessor pursuant to 7 U.S.C. § 1926(a).

9. On or about December 7, 2005, the District issued a $1,300,000 Waterworks Revenue Bond, Series 2004, to the United States of America, acting through the USDA. The District adopted a bond resolution authorizing it to issue this bond to obtain a loan to construct
2

waterworks system improvements and extensions. The bond is secured by the District's water revenues and water system. A portion of the loan remains outstanding.

10. Section 2(0) of the bond resolution defines the District's "System" as follows:

> "[T]he System" shall mean the complete waterworks system of the District together with, and including, the Project, and all waterworks properties of every nature hereafter owned by the District, including all improvements and extensions made by the District while the Bond or Parity Bonds remain outstanding, and including all real and personal property of every nature comprising part of or used or useful in connection with the waterworks system, and including all appurtenances, contracts, leases, franchises, and other intangibles.

11. As required by the USDA, Section 8(h) of the bond resolution contains the following covenant:

> The District will not construct, finance or grant a franchise for the development or operation of facilities that compete for service with the services to be provided by the System or consent to the provision of any such services in the area currently served by the District by any other public or private entity and will take all steps necessary and proper, including appropriate legal action to prevent any such entity from providing such service.

12. Pursuant to Section 14, the bond resolution constitutes a contract between the District and the USDA.

13. Accordingly, the District is contractually obligated to the USDA to commence and prosecute litigation to prevent any other entity from encroaching on the District's service area.

14. Baxter annexed the Property in or about 2009 but did not initially attempt to provide water service to the Property. The District provided water service to the Property for a number of years, both before and after Baxter annexed it.

15. A developer recently approached Baxter with a plan to build residences and/or commercial buildings on the Property. Baxter has indicated that it wants to provide water

3
{000093/16485/00411624.DOCX / Ver.1}
Case 2:17-cv-00003   Document 1   Filed 01/20/17   Page 3 of 6 PageID #: 3

service to the new development and that it gave the developer a letter of intent to do so.

16. Upon information and belief, and according to Baxter, the developer plans to start construction in the spring of 2017. A developer typically contracts for water service before construction begins.

17. The District wants to continue providing water service to the Property, as it did in the past. The District's current water lines are sufficient to serve the Property.

18. Representatives of the District and Baxter have met and exchanged correspondence. Each party maintains that it has a legal right to serve the Property. A live and present controversy exists.

## COUNT I: VIOLATION OF 7 U.S.C. § 1926(b)

19. The District hereby re-alleges and incorporates each and every allegation set forth above as if fully set forth herein.

20. The District is an "association" within the meaning of 7 U.S.C. § 1926(b).

21. The District has a qualifying and outstanding USDA loan.

22. The District has both provided water service and made water service available to the Property. The District remains willing and able to continue that service.

23. The District is protected by 7 U.S.C. § 1926(b) from any curtailment or limitation of its right to provide water service to the Property.

24. Baxter is a "municipal corporation" within the meaning of 7 U.S.C. § 1926(b).

25. Baxter intends to, and has threatened to, violate 7 U.S.C. § 1926(b) by providing water service to the Property.

## COUNT II: VIOLATION OF 42 U.S.C. § 1983

26. The District hereby re-alleges and incorporates each and every allegation set forth

above as if fully set forth herein.

27. As a municipality, Baxter is acting under color of state law.

28. Baxter intends to, and has threatened to, deprive the District of its rights under 7 U.S.C. § 1926(b) by curtailing and limiting the District's water service to the Property.

29. The District can enforce its rights under 7 U.S.C. § 1926(b) through the vehicle of 42 U.S.C. § 1983.

**WHEREFORE**, The District prays for the following relief:

1. That service of process be had upon Baxter and that Baxter be required to appear and answer this complaint within the time prescribed by law;

2. A declaration of the parties' rights and obligations;

3. An award of any damages suffered by the District, such as lost revenue from water service;

4. Preliminary and permanent injunctions that prohibit Baxter from encroaching on the District's service area;

5. An award of reasonable attorney's fees, litigation expenses, and court costs; and

6. All other relief, legal or equitable, that the Court deems just and proper.

Respectfully submitted,

/s/ Michael J. Wall
Michael J. Wall
Benjamin A. Gastel
BRANSTETTER, STRANCH
 & JENNINGS, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Phone: (615) 254-8801
Fax: (615) 255-5419
michaelw@bsjfirm.com

beng@bsjfirm.com

*Attorneys for Plaintiff*