UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DOUBLE SPRINGS UTILITY DISTRICT OF PUTNAM COUNTY, TENNESSEE, | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) No. 2:17-cv-00003 |
| v. | ) ) Judge Crenshaw ) Magistrate Judge Newbern |
| TOWN OF BAXTER, TENNESSEE, | ) ) |
| Defendant/Counterclaimant. | ) |

**CONSENT DECREE**

**INTRODUCTION**

1. The Plaintiff, Double Springs Utility District of Putnam County, Tennessee ("the District"), filed its Complaint (Dkt. No. 1) in this action on January 20, 2017. The District alleges that it has the exclusive right under 7 U.S.C. § 1926(b) to provide water service to a parcel of land designated as Map 37, Parcel 70, located at the intersection of Highway 70N and Highway 56, with the address of 6333 Nashville Hwy, Baxter, TN 38544 ("the Property"). The District further asserts that the Defendant, Town of Baxter, Tennessee ("Baxter"), proposed to provide water service to the Property in violation of 7 U.S.C. § 1926(b) and 42 U.S.C. § 1983.

Baxter filed its Counterclaim (Dkt. No. 9) on February 21, 2017. Baxter alleges that it has the exclusive right under 7 U.S.C. § 1926(b) and Tennessee law, such as Tenn. Code Ann. §§ 6-51-101, *et seq*. and 7-82-301(a)(1)(B), to provide water service to the Property.

2. The Mayor of Baxter and the President of the District's Board of Commissioners signed a "Settlement Agreement," attached hereto as Exhibit A, on May 1, 2017, and May 8, 2017, respectively. The District asserts that the Settlement Agreement is a valid and binding

agreement that resolves this action. However, Baxter asserts that its Board of Mayor and Aldermen did not approve the Settlement Agreement so as to make it a valid and binding agreement. Baxter has asked for certain changes to the Settlement Agreement. Solely to avoid further delay and expense, the District has agreed to amend the Settlement Agreement, conditioned upon the Court's approval and ongoing enforcement power.

3. At a public meeting held on September 11, 2017, which was previously advertised to the public in bills mailed to the District's customers on August 29, 2017, as well as on the District's website, the District's Board of Commissioners voted to approve the terms of this Consent Decree with Exhibit A and authorized the District's attorney, Michael J. Wall, to sign and submit it on the District's behalf.

4. At a public meeting held on September 14, 2017, which was previously advertised to the public on August 27, 2017, in the *Herald-Citizen*, Baxter's Board of Mayor and Aldermen voted to approve the terms of this Consent Decree with Exhibit A and authorized Baxter's attorney, Daniel H. Rader, IV, to sign and submit it on Baxter's behalf.

5. The parties have agreed to and submitted this Consent Decree, as memorialized by the signatures of their counsel below. The Court hereby approves this Consent Decree and orders the parties to conform their conduct to its terms.

## JURISDICTION

6. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the parties assert rights under federal law. The Court also has personal jurisdiction over the parties.

7. The Court shall retain jurisdiction over this action to effectuate and enforce the provisions of this Consent Decree and to resolve disputes over the execution, construction,

modification, or implementation of this Consent Decree.

**RESOLUTION OF CLAIMS**

8. The Settlement Agreement, attached hereto as Exhibit A, is hereby incorporated into this Consent Decree and made an order of the Court, with the following amendments.

9. Section 1 of the Settlement Agreement is hereby replaced with the following amended Section 1:

> 1. The District will have the exclusive right to provide water for any type of use to properties within the District's Service Boundaries, including the Property. Baxter will not provide or offer water for any type of use to these properties. Baxter hereby unconditionally releases all claims, causes of action, or demands under 7 U.S.C. § 1926(b), Tennessee law, or any other law related to the right to provide water for any type of use to the Property or other properties within the District's Service Boundaries.
>
> As the only exceptions to the first paragraph of this Section 1, Baxter may continue to provide water to the following properties:

| Address | Current Customer Name |
|---|---|
| 6230 Nashville Highway | Clint Halfacre |
| 6256 Nashville Highway | Michael Stephens |
| 6354 Nashville Highway | Alene Hancock |
| 6376 Nashville Highway | Dollar Store |
| 6407 Nashville Highway | Potters |
| 6414 Nashville Highway | PFS Market |
| 6419 Nashville Highway | |
| 6449 Nashville Highway | Scotty Upchurch |
| 6700 Nashville Highway | Upperman Middle School |
| 6950 Nashville Highway | Upperman High School |
| 7126 Nashville Highway | Manual Edwards |
| 7692 Nashville Highway | Brad Smith |
| 7780 Nashville Highway | Grace Presley |
| 7788 Nashville Highway | Martha Chappell |
| 7825 Nashville Highway | Tony Mahan |
| 7831 Nashville Highway | Richard Mahan |
| 7840 Nashville Highway | Tommy Hix |
| 7861 Nashville Highway | Tim Mahan |
| 7862 Nashville Highway | Carrie Bussell |
| 7889 Nashville Highway | J.R. Taylor |
| 7911 Nashville Highway | Heather Spivey |

| | |
|---|---|
| 7938 Nashville Highway | Victorian Garden Retirement Home |
| 7957 Nashville Highway | Archie Ford |
| 7976 Nashville Highway | David Birdwell |
| 7981 Nashville Highway | Keith Isam |
| 8032 Nashville Highway | Keith Jones |
| 8066 Nashville Highway | |
| 8094 Nashville Highway | Tim Mahan |
| 8095 Nashville Highway | Barry Bridges |
| 8114 Nashville Highway | Stan Thomas |
| 8117 Nashville Highway | Patricia Kennedy |
| 8196 Nashville Highway | Fred Bryant |
| 8221 Nashville Highway | Ben Brewington |
| 8269 Nashville Highway | Jeremiah Sells |
| 8285 Nashville Highway | Ruth Nokes |
| 8289 Nashville Highway | Faith Chapels Ministries |
| 8294 Nashville Highway | Loyd Clark |
| 8350 Nashville Highway | Stephanie Godwin |
| 8370 Nashville Highway | Jeff Davenport |
| 8388 Nashville Highway | Paul Cotnoir |
| 8406 Nashville Highway | Michael Cumby |
| 8525 Nashville Highway | Betty Jo Flatt |
| 8551 Nashville Highway | Shirley Whited |
| 8573 Nashville Highway | Tim Mahan |
| 8590 Nashville Highway | Glenn Morphew |
| 8605 Nashville Highway | |
| 8810 Nashville Highway | Sadie Wang |
| 8899 Nashville Highway | |
| 8899 Nashville Highway | |
| 234 Thompson Ridge Road | Linda Stewart |

With regard to any of these listed properties located north of Highway 70N, Baxter may only provide water through its current taps and meters and no others. If any such property is subdivided or developed after the date of this Consent Decree, the first paragraph of this Section 1 will govern the provision of additional water to that property, regardless of whether it is within Baxter's city limits.

10. Section 4 of the Settlement Agreement is hereby replaced with the following amended Section 4:

   4. If the Property or any other property within the District's Service Boundaries is subdivided after the date of this Consent Decree, the Parties will continue to have the same rights and obligations with respect to any part of the original property as are stated in the first and second

paragraphs of Section 1, subject to the third paragraph of Section 1, and in Section 2.

**BINDING EFFECT**

11. The agreement embodied in this Consent Decree is expressly conditioned upon approval by the Court and entry by the Clerk, absent which this Consent Decree shall not create rights or obligations of any kind.

12. The parties reserve any rights they may have under the Settlement Agreement, regardless of whether this Consent Decree is approved by the Court, entered by the Clerk, reversed, vacated, dissolved, or modified.

13. Upon approval by the Court and entry by the Clerk, this Consent Decree will be binding upon the parties and their officers, board members, directors, employees, agents, servants, successors, and assigns.

14. The parties reserve any and all legal and equitable remedies available to effectuate and enforce the provisions of this Consent Decree.

**COSTS AND ATTORNEY'S FEES**

15. The parties will bear their own attorney's fees, costs, and expenses in this action.

**MODIFICATION**

16. No modification of this Consent Decree will be effective unless and until the Court approves it.

**FINAL JUDGMENT**

17. Upon approval by the Court and entry by the Clerk, this Consent Decree will constitute a final judgment between the parties under Federal Rule of Civil Procedure 58.

**SIGNATORIES**

18. Counsel for the parties certify that they are fully authorized to enter into the terms

and conditions of this Consent Decree and legally bind the parties thereto.

The Clerk shall close this file, subject to reopening as provided above.

**IT IS SO ORDERED.**

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE

WE HEREBY CONSENT to the approval and entry of this Consent Decree in *Double Springs Utility District of Putnam County, Tennessee v. Town of Baxter, Tennessee*, No. 2:17-cv-00003 (M.D. Tenn.).

Respectfully submitted,

/s/ Michael J. Wall
Michael J. Wall
Benjamin A. Gastel
BRANSTETTER, STRANCH
 & JENNINGS, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Phone: (615) 254-8801
Fax: (615) 255-5419
michaelw@bsjfirm.com
beng@bsjfirm.com

*Attorneys for Double Springs*
*Utility District of Putnam*
*County, Tennessee*


/s/ Daniel H. Rader, IV
Daniel H. Rader, III
Daniel H. Rader, IV
MOORE, RADER, FITZPATRICK
 AND YORK, P.C.
P.O. Box 3347
Cookeville, TN 38502
Phone: (931) 526-3311
danrader@moorerader.com
danny@moorerader.com

*Attorneys for Town of Baxter,*
*Tennessee*

# SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between Double Springs Utility District of Putnam County, Tennessee ("the District"), on one hand, and the Town of Baxter, Tennessee ("Baxter"), on the other hand (collectively, "the Parties").

**WHEREAS**, the District filed an action against Baxter under 7 U.S.C. § 1926(b) and 42 U.S.C. § 1983, case no. No. 2:17-cv-00003 in the United States District Court for the Middle District of Tennessee ("the Action");

**WHEREAS**, Baxter filed a counterclaim against the District under 7 U.S.C. § 1926(b) and Tennessee law in the same Action;

**WHEREAS**, the District and Baxter have both asserted that they have the legal right to provide water service to a parcel of real property presently designated as Map 37, Parcel 70, by the Assessor of Property of Putnam County, Tennessee ("the Property");

**WHEREAS**, the District has previously provided Baxter with documentation showing the boundaries of the District's service territory, within which the District has the exclusive right to serve water for any type of use ("the District's Service Boundaries");

**WHEREAS**, the Parties desire to compromise and resolve their differences and thereby avoid further disputes, expense, and inconvenience;

**NOW, THEREFORE**, in consideration of the foregoing, and of the promises and representations set forth below, the adequacy of which is hereby acknowledged, the Parties promise and agree as follows:

1. The District will have the exclusive right to provide water for any type of use to properties within the District's Service Boundaries, including the Property. Baxter will not provide or offer water for any type of use to these properties. Baxter hereby unconditionally releases all claims, causes of action, or demands under 7 U.S.C. § 1926(b), Tennessee law, or any other law related to the right to provide water for any type of use to the Property or other properties within the District's Service Boundaries.

2. Baxter will have the exclusive right to provide sewer service to the Property and other properties within the District's Service Boundaries that are annexed by Baxter. The District will not provide or offer sewer service to the Property or other properties within the District's Service Boundaries that are annexed by Baxter. The Parties may separately agree for the District to provide billing assistance to Baxter for its sewer service.

3. The "Execution Date" will be the first date upon which both Parties have signed this Settlement Agreement and delivered it to each other.

4. If the Property or any other property within the District's Service Boundaries is subdivided after the Execution Date, the Parties' respective rights and obligations stated in Paragraphs 1 and 2 above will apply to any area that was previously included within the subdivided property.

1

Exhibit A

5. Within seven (7) calendar days after the Execution Date, the Parties will file a stipulation of dismissal of the Action, including all claims and counterclaims, without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

6. The Parties will bear their own costs, expenses, and attorney fees in the Action. The stipulation of dismissal will so state.

7. This document contains the entire agreement between the Parties related to the subject matter of this Settlement Agreement, and it supersedes any and all prior written or oral agreements between the Parties related to the same subject matter.

8. The Parties have read and fully understand the terms of this Settlement Agreement.

9. The Parties have participated jointly in the negotiation and drafting of this Settlement Agreement. This Settlement Agreement shall not be construed for or against the District or Baxter based upon authorship.

10. The individuals signing below represent that they have full authority to execute this Settlement Agreement on behalf of their respective Parties; that this Settlement Agreement has received any approval required by law from their respective Parties; and that this Settlement Agreement is a legal, valid, and binding agreement.

11. This Settlement Agreement may be signed in counterparts. Counterparts delivered via facsimile or via e-mail in Adobe portable document format (.pdf) shall be deemed originals.

12. The validity, construction, interpretation, performance, and enforcement of this Settlement Agreement shall be governed by the laws of the State of Tennessee without respect to any choice of law rules.

DOUBLE SPRINGS UTILITY DISTRICT
OF PUTNAM COUNTY, TENNESSE

By: _Morgan McHenry_
Morgan McHenry, President

Date: 5-8-17

TOWN OF BAXTER, TENNESSEE

By: _John Martin_
John Martin, Mayor

Date: 5-1-17